**YUN YU ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, United States Department of Homeland Security, Respondent.**

**No. 04–4236–ag.**

United States Court of Appeals, Second Circuit.

May 3, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Stephen Singer, Barst & Mukamal, L.L.P., New York, New York, for Petitioner.

Because the Court did not receive a brief from the respondent within fifteen days of the August 24, 2005 due date specified in the scheduling order issued June 1, 2005, this case has been reviewed and decided without the benefit of a respondent's brief. See Local Rule § 0.29(d), for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. DENNIS JACOBS, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Yun Yu Zheng petitions for review of the BIA's order dismissing his appeal from the BIA's order denying his motion to reopen proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

■ The regulations allow an alien to seek reopening to reapply for asylum based on changed circumstances that materially affect his eligibility for asylum. 8 C.F.R. §§ 1003.2(c); 1208.4(a)(4). Here, however, the BIA reasonably rejected Zheng's claim that he feared persecution due to the birth of his U.S. citizen children. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (finding that, "[i]n the absence of solid support in the record" for petitioner's assertion that he will be subjected to persecution on account of his two U.S. born children, "his fear is speculative at best"). Zheng argues that the BIA's decision was contrary to law, because it ignored the evidence on the record, *i.e.,* the 2002 Congressional testimony and affidavit of John Aird asserting that China's coercive family planning policies extend to those individuals who have children abroad. *See* Petitioner's Brief at 9–10. However, the testimony and affidavit were previously available to Zheng and

thus could have been discovered or presented at the former hearing. Moreover, it is clear that the BIA implicitly considered and reasonably rejected this evidence as establishing changed country conditions. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006).

■ Exhaustion of administrative remedies is statutorily required for aliens challenging final orders of removal, 8 U.S.C. § 1252(d)(1), and requires exhaustion of bases for relief and issues, although not subsidiary legal arguments. *See Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005). This Court has noted that the BIA does not have jurisdiction to adjudicate constitutional issues. *United States v. Gonzalez-Roque,* 301 F.3d 39, 48 (2d Cir.2002). However, the BIA can decide issues underlying fairness of process, and the appeal could have provided Zheng with the possibility of relief. *See id.* at 47–48. It was therefore necessary for Zheng to argue to the BIA that he was denied due process during his immigration hearing because his interpreter did not speak his native Foo Chow dialect in order to satisfy the exhaustion requirement.

For the foregoing reasons, the petition for review is DENIED.